PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2002 Ford Focus struck a rock while her husband, Clarence David Price, was traveling northbound on Route 17 in Logan County. Route 17 is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on February 2, 2007, at approximately 5:30 a.m. Route 17 is a two-lane, paved road with a speed limit of fifty-five miles per hour. The driver, Clarence David Price, was traveling to work from Blair to Charleston. As the driver was proceeding out of a curve on Route 17 near Sharpies, his vehicle struck an object that looked like a brown bag in the middle of the right lane. The driver subsequently discovered that the object that his vehicle had struck was a rock that was the size of a shoe box. Mr. Price stated that he was unable to avoid the rock even though he noticed it before the vehicle struck it. Although Mr. Price has traveled to work on this road on a daily basis for the last seven years, he did not notice any rocks on Route 17 prior to this incident. Mr. Price further stated that there are no rock fall signs on Route 17. The driver observed that he passed one of respondent’s snow plow trucks at the time of this incident, and the rock could have fallen from the snow plow truck. As a result of this incident, claimant’s vehicle sustained damage to its transmission in the amount of $2,543.30. Claimant did not have insurance coverage for this loss.
The position of the respondent is that it did not have notice of the rock fall on Route 17 on the date of this incident. Curley Belcher, County Superintendent in Logan County, stated that prior to February 2, 2007, his office had received few complaints regarding fallen rocks at or near this location. Mr. Belcher stated that it was unlikely that the object that claimant’s vehicle struck fell from one of respondent’s snow plow trucks. Although the snow plow trucks carry salt and abrasive stone, Mr. Belcher stated that the salt and stone would have “splattered” if it fell on the road.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn v. Dept. of Highways, 16 Ct. Cl. 68 (1985).
In the present claim, the Court finds that respondent did not have notice of the fallen rock on Route 17. Based on the evidence established at the hearing, the Court concludes that Route 17 is not an area known for rock falls, and respondent was not aware of this hazard on the date in question. Even if respondent had notice of the condition, the Court finds that the driver’s speed given the wet road conditions contributed to his inability to avoid the rock in this area. While the Court is sympathetic to claimants’ plight, the fact remains that there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein *102 above, the Court is of the opinion to and does deny this claim.
Claim disallowed.